IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | X | |
| Plaintiff, | X | |
| vs. | X | No. 97-20215-Ma |
| DEWITT HAMILTON, | X | |
| Defendant. | X | |

ORDER DENYING MOTION PURSUANT TO 18 U.S.C. § 3582

On July 2, 2004, defendant Dewitt Hamilton, Bureau of Prisons registration number 14556-076, an inmate at the Federal Prison Camp in Millington, filed a motion in his closed criminal case styled as a motion pursuant to 18 U.S.C. § 3582.

In 1998, Hamilton pled guilty to two counts of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). He was sentenced to a term of 152 months imprisonment. Hamilton appealed and the United States Court of Appeals for the Sixth Circuit affirmed his conviction and sentence. United States v. Hamilton, No. 98-5839 (6th Cir. June 10, 1999).

Hamilton contends that he is entitled be resentenced based upon the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004). However, new rules of constitutional criminal procedure are generally not applied to cases on collateral review. Teague v. Lane, 489 U.S. 288 (1989). Blakely has not been "made

retroactively applicable to cases on collateral review" and provides Hamilton with no basis for relief.

The Sentencing Reform Act of 1984 places strict limits on a court's power to modify a federal sentence. Hamilton contends, however, that the Court's jurisdiction to grant this motion arises under 18 U.S.C. § 3742. Eighteen U.S.C. § 3582(b)(3) provides as follows:

> Notwithstanding the fact that a sentence to imprisonment can subsequently be—
>
> . . . .
>
> (3) appealed and modified, if outside the guideline range, pursuant to the provisions of section 3742;
>
> a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes.

Section 3742 establishes the procedure for appellate review of a criminal judgment and allows a district court to modify a sentence on remand from an appellate court. Defendant's conviction was affirmed and is not on remand to this court. Nothing in this provision authorizes a district court to modify a defendant's sentence on the basis of an intervening decision of the Supreme Court.

Eighteen U.S.C. § 3582(c) governs modification of an imposed term of imprisonment and states as follows:

> The Court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment, after considering the factors set

2

forth in section 3553(a) to the extent that they are applicable, if it finds that—

> (I) extraordinary and compelling reasons warrant such a reduction;
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

None of the provisions of 18 U.S.C. § 3582(c) is applicable here. The Director of the BOP has not moved for a reduction of the defendant's sentence pursuant to § 3582(c)(1)(A). Neither Fed. R. Crim. P. 35 nor any federal statute authorizes the Court to modify Hamilton's sentence pursuant to § 3582(c)(1)(B). Finally, the Sentencing Commission has not lowered the applicable Sentencing

3

Range pursuant to 28 U.S.C. § 994(o), so as to bring this case within § 3582(c)(2).

For all the foregoing reasons, defendant's motion for modification of his sentence pursuant to 18 U.S.C. § 3582 is DENIED.

As no reasonable jurist could disagree that this court is without jurisdiction to modify defendant's sentence, it is CERTIFIED, pursuant to Fed. R. App. 24(a) that any appeal in this matter by defendant, proceeding in forma pauperis, is not taken in good faith.

IT IS SO ORDERED this 16th day of November, 2005.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 43 in case 2:97-CR-20215 was distributed by fax, mail, or direct printing on November 17, 2005 to the parties listed.

---

Paul M. O'Brien
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable Samuel Mays
US DISTRICT COURT